# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAMON LOPEZ | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-09-1942 |
| KATHLEEN GREEN, *et al.* | * | |
| Defendants | * | |

***

## MEMORANDUM

Pending is Defendant Kathleen Green's Motion to Dismiss or for Summary Judgment. Paper No. 12. Plaintiff opposes the motion. Paper No. 15. For the reasons set forth below, Defendant's motion, construed as a motion for summary judgment, will be granted.

### Background

Plaintiff states that he made a request for treatment of hepatitis C which was denied by a doctor at Eastern Correctional Institution (ECI) in November, 2006. Paper No. 1. He states he was a chronic care patient who was monitored for hepatitis C every 90 days, but was not seen after his request for treatment. He states that in May and June of 2007, he "complained of pain in liver area." *Id*. at p. 4. Plaintiff claims his pain was misdiagnosed as heart burn, and he was finally rushed to the hospital with a severe case of pancreatitis on July 15, 2007. *Id*. at p. 5.

Plaintiff was discharged from Salisbury hospital to the Jessup Correctional Institution (JCI) hospital on August 7, 2007. He states that during his stay at JCI he was transported to the University of Baltimore hospital for a CT scan and an appointment with a doctor who stated Plaintiff was recovering. Plaintiff states he underwent at least ten CT scans, one MRI, five ultrasounds, a liver biopsy, two pancreas biopsies, and liquid was extracted from Plaintiff's

lungs. Paper No. 1 at p. 5. He claims when he was rushed to Salisbury Hospital it was discovered that all of his organs had shut down due to dehydration.

Plaintiff claims he threatened to sue Dr. Gideon Atnaffu,[1] who worked at JCI and was in charge of Plaintiff's care. After threatening the doctor, Plaintiff was "rushed to the University of Baltimore where [he] was operated [on] for necrotizing pancreatitis." *Id*. Plaintiff states that his pancreas was killed of by the disease and had rotted inside him. The surgery took place on September 25, 2007.

Defendant Green, the only defendant served, moves for summary judgment because she was not involved in Plaintiff's care and Plaintiff failed to exhaust administrative remedies. Paper No. 12. Plaintiff states in opposition that the motion is premature because he intends to conduct discovery; he could not exhaust administrative remedies because of his hospitalizations. He further suggests there is a dispute of material fact regarding Defendant Green's involvement in his medical care. Paper No. 15.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(c) which provides that:

> [Summary judgment] should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an

---

[1] Dr. Atnafu was named as a Defendant in the Complaint but was never served. Service with respect to him will be attempted via counsel for Correctional Medical Services (CMS).

> otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

## Analysis

It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir.2004) (no respondeat superior liability under § 1983); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir.2001) (no respondeat superior liability in a Bivens suit). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that

supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.' " *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir.2001) *citing Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994). Plaintiff has pointed to no action or inaction on the part of Defendant Green that resulted in a constitutional injury. Plaintiff cannot simply recite that there is a dispute of material fact regarding Green's involvement and avoid summary judgment.

The complaint as it pertains to Dr. Atnafu shall be served in accordance with the separate Order which follows.

May 17, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE